Thurman, J.
By an entry, the land covered by it is appropriated, and an equitable estate of inheritance vested in the person in whose name the entry is made. Hoofnagle v. Anderson, 7 Wheat. 217; Latham v. Oppey, 18 Ohio 110.
If there is no person in esse, no estate can vest; and the entry has no validity. Hence, an entry in the name *of a dead man is void. Galt v. Galloway, 4 Pet. 345; McDonald v. Smalley, 6 Pet. 261; Wallace v. Saunders, 7 Ohio (pt. 1), 178; Price v. ston, 1 Ohio St. 390.
The decisions in Galloway v. Findley, 12 Pet. 264, and McArthur v. Dun’s Heirs, 7 How. 262, do not admit the validity of such an entry. The grounds of these decisions are:
1. That Congress has the power “to withhold from location any portion of the military land.”
2. That, by the proviso of the act of 1807, re-enacted from time to time, it has withheld from location all lands previously patented or surveyed, whether the entries and survey are valid or void; and has declared that any patent that may be obtained in virtue of a.subsequent location of lands covered by a subsisting survey or patent, shall be null and void.
Hence it is of no consequence whether the previous entry and survey have any validity or not. Admit that they are void, and *192 that consequently the title, both legal and equitable, remains in-.the government; yet the subsequent location is a nullity, because Congress has so declared it.
Instead of overruling Galt v. Golloway, and in McDonald v. Smalley, the court, in Galloway v. Findley, and McArthur v. Dun, impliedly, at least, recognized their correctness, and are careful to-show that they do not militate against the decision in the two latter cases; but that, on the contrary, the four cases are perfectly consistent. Thus, in Galloway v. Findley, the court said: “ The-principal ground relied on for relief being that the patents were-void, because made after Charles Bradford's death, we will proceed to examine it. That a patent thus made passes no title, is true in. the nature of things; there must bo a grantee before a grant can. take effect; and so this court held in Galt v. Galloway 4 Pet. 345, and McDonald v. Smalley, 6 Pet. 261. Tet this is not the question presented. It is whether the appellant was permitted to-enter the lands purporting to have been *granted to Charles Bradford, notwithstanding his death. And this depends upon the act of 1807, chap. 34, and others, continuing the provision up to the date of Galloway’s entries.”
So in McArthur v. Dun, the court said: “In support of this position, it is said that an entry in the name of a dead man is, on general principles, void, as was ruled by the cases of Galt v. Galloway, 4 Pet. 345, and of McDonald’s Heirs v. Smalley, 6 Pet. 261. These-cases, though express to the single point for which they have been cited, are nevertheless by no means decisive of the question certified, if indeed they are at all applicable thereto; that question not. involving simply the validity of an entry made in the name of a dead man, but embracing the legality of locations made since the-enactment of the proviso, upon lands previously patented or surveyed, without reference to the circumstances of the death or life-of those in whose names such previous patents may have been granted or surveys made.”
It is quite clear, therefore, that the decision that an entry in the name of a dead man is a nullity, has not been overruled; and, therefore, this court, in Price v. Johnson, before cited, held that such an entry is void; that it does not apppropriate the land, nor does the equitable title pass from the government to the heirs of the deceased. It follows that the commencement of complainants’ title is their patent issued in 1825. Hoofnagle v. Anderson, 7 *193 Wheat. 217. But Evans’ entry was made in 1820, surveyed in 1821, and patented in 1822. Unless, therefore, this entry, survey, and patent are void, the defendants have the better title.
"Was, then, Evans’ entry unlawful because made on land covered by a previous but unsurveyed and void entry? We can not so hold; for the act of Congress only prohibits locations on lands previously surveyed or patented. Its language is clear, and does-not embrace an unsurveyed entry. The provision is as follows: “No locations, as aforesaid, within the above-mentioned tract, shall, after the passage of this act, be made on tracts of land for which patents had been previously issued, or which had been previously surveyed ; and *any patent which may nevertheless be obtained for lands located contrary to the provisions of this-section, shall be considered null and void.”
It is argued, however, that although an unsurveyed entry is not. within the terms, it is within the spirit or equity of this statute, and ought to receive its protection. It is admitted that no such extended construction has ever been given to the act; and the language of the cases impliedly forbids it. Thus, in Jackson v. Clarke, 1 Peters, 638, Chief Justice Marshall, delivering the opinion of the court, said: “ Does the language of the clause furnish any distinction between the patent and the survey ? If it be a survey, there is none. Lands surveyed are as completely withdrawn, as lands patented, from subsequent location.” And again : “A survey made by the proper officer, professing to be made on real warrants, bearing upon its face every mark of regularity and validity, presented a barrier to the approach of the locator, which he was not permitted to pass, which he was not at liberty to examine.”
In Lindsey v. Miller, 6 Peters, 675, Mr. Justice McLean said: “ By the act of 1807, any patent is declared to be void that shall be issued on an entry of land which had been previously patented or surveyed." In McArthur v. Dun, Mr. Justice Daniel said: “ The language of the proviso is broad and comprehensive enough to comprise patents and surveys in the names of persons either living or dead, and it expressly declares to be null and void all patents-posterior in time to those surveys and patents thus generally described and protected by that language.” But the judge immediately added a sentence, which is relied on by counsel as giving color to the extended construction argued for. The sentence is as follows : “ The proviso, then, if the natural and common meaning *194 of its terms be adopted, must extend to and protect alike patents, ■entries, and surveys of either description.” But it is very clear -from the context, that the judge did not mean to say that an unsurveyed entry is within the protection of the act. No such question arose in the case; and *what he said, both before and after the sentence quoted, shows that he limited the provisions of the act to lands surveyed or patented. The misconstruction of the sentence arises from mispunctuation. There should be no comma after the word “entries.” It would then road, entries and surveys, and would import that whore there is both entry and survey, the caséis within the act. Or, it may be, that the word “ entries” was inadvertently inserted.
As, then, the natural import of its words confines the proviso to surveyed or patented lands; as not even an intimation is found in any ease that it ought to receive a larger construction ; and as •Congress, with knowledge of the understanding that it afforded no protection to unsurveyed entries, has repeatedly re-enacted it, without any material change of phraseology, we do not feel at ■liberty to extend its provisions by construction to cases that can not bo brought within the natural import of its terms. We dare .say it would have been wise, had Congress, at an early day, provided that an entry in the name of a' dead man should inure to •the benefit of the owner or owners of the warrant. But no such law has been passed; and to indirectly accomplish that object now, .by giving a construction to the act of 1807 that it has never received, and that is opposed to the universal understanding that ■has always prevailed, would very probably be productive of more •evil than good.
But were we to hold that Evans’ entry, survey, and patent are void, such ruling would be fatal to complainants’ bill; as, in that case, they would have an adequate remedy at law.
It is also to be observed that the complainants are not aided by -the act of Congress of May 20, 1836, entitled “an act to give effect to patents for public lands issued in the name of- deceased persons.” 5 Stat. at Large, 31. The design of this act was not to set up void entries or surveys, but merely to give effect to patents that, but for the act, would be void because issued to a deceased person. Again, the act is not to be so construed as to interfere with ¿titles lawfully acquired before its passage.
The bill must be dismissed.